UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| TCR, LLC,<br><br>　　Plaintiff,<br><br>v.<br><br>TETON COUNTY,<br><br>　　Defendant. | Case No. 4:22-cv-00268-CRK<br><br>MEMORANDUM DECISION AND ORDER RE: MOTION FOR PRELIMINARY INJUNCTION |

**OPINION AND ORDER**

Before the Court is Plaintiff TCR, LLC's Motion for Preliminary Injunction. See Pl.'s Mot. Prelim. Inj., June 28, 2022, ECF No. 3 ("Pl.'s Mot."). For the following reasons, Plaintiff's motion is denied.

**BACKGROUND**

On June 16, 2022, Plaintiff filed a complaint in the District Court for the Seventh Judicial District of Idaho, asserting a claim that Defendant Teton County is liable for breach of contract, promissory estoppel, and deprivation of rights pursuant to 42 U.S.C. § 1983. Pl.'s Compl. and Jury Demand at 10–15, June 28, 2022, ECF No. 1-2 ("Compl."). Further, Plaintiff sought a preliminary injunction requiring Teton County to rescind an April 2022 Stop Work Order and Change of Status which revoked Plaintiff's building permits for Lot 12B of the Teton Creek Resort, and enjoining Defendant from taking further actions preventing the development of Plaintiff's property. Id. at 15–17; Pl.'s Mot. at 2–3. On June 28, 2022, Defendant removed to the U.S. District Court for the District of Idaho, asserting original subject

MEMORANDUM DECISION AND ORDER - 1

4:22-cv-00268-CRK

matter jurisdiction over Plaintiff's § 1983 claim. Def.'s Not. Remov. U.S. Distr. Ct. at 1–2, June 28, 2022, ECF No. 1.

In its motion for a preliminary injunction, Plaintiff alleges it has been actively working on developing condominiums on its property, and that it has incurred significant expenses, including the cost of building roads, obtaining building permits, pouring foundations, and purchasing modular homes. [Pl.'s Mot.], Ex. F, Decl. Harry Statter Supp. Mot. Prelim. Inj. ¶¶ 5, 8, dated June 16, 2022, filed June 28, 2022, ECF No. 3-2 ("Statter Decl."). Plaintiff further alleges that Teton County's decision to rescind Plaintiff's building permits and halt construction on Lot 12B will cause Plaintiff additional wintertime building costs, greater difficulty acquiring and maintaining contractors, rising interest rates, inflation of material costs, fewer potential buyers, and forgone rental income. Id. ¶¶ 8–12. Defendant argues (1) the Court should abstain from hearing the case as the matter is currently pending before the Idaho Supreme Court,[1] (2) Plaintiff failed to exhaust administrative remedies, and (3) Plaintiff is not entitled to a preliminary injunction. Def.'s Memo. Opp. [Pl.'s Mot.] at 8–13, July 19, 2022, ECF No. 10 ("Def.'s Br."). On September 30, 2022, the Court held oral argument on Plaintiff's motion for preliminary injunction. Oral Arg., Sept. 30, 2022, ECF No. 29 ("Oral Arg.")

---

[1] Teton County Case No. CV41-20-0281, designated as Docket No. 49487-2022 on appeal.

**MEMORANDUM DECISION AND ORDER - 2**

## JURISDICTION AND STANDARD OF REVIEW

The Court has original subject matter jurisdiction over Plaintiff's claim under 42 U.S.C. § 1983, and it may retain supplemental jurisdiction over Plaintiff's state law claims for breach of contract and promissory estoppel under 28 U.S.C. § 1367. Supplemental jurisdiction is discretionary, and the Court may decline to exercise jurisdiction if a claim involves a "complex issue of State law," the state law claim "substantially predominates," or in other "exceptional circumstances [where] there are other compelling reasons for declining jurisdiction." Id. § 1367(c); see, e.g., A. H. Bull S. S. Co. v. Nat'l Marine Eng'rs' Ben. Ass'n AFL-CIO, 250 F.2d 332, 337 (2d Cir. 1957) ("a federal court may issue a preliminary injunction pending its determination of a substantial question of federal jurisdiction of the action").

A preliminary injunction may be granted pursuant to Federal Rule of Civil Procedure 65.[2]  See Fed. R. Civ. P. 65(a), (d).  A plaintiff seeking a preliminary injunction must establish that (1) it is likely to succeed on the merits, (2) the balance of hardships is in its favor, (3) the injunction is in the public interest, and (4) that it

---

[2] Plaintiff moved for this injunction under Idaho Rule of Civil Procedure 65(e)(1), rather than under the applicable Federal Rule of Civil Procedure 65(a), and Defendant similarly opposed the motion on state law grounds. Pl.'s Mot. at 4–5; Def.'s Br. at 7. However, Federal Rule of Civil Procedure 65(a) applies in this case under Erie R.R. Co. v. Tompkins, 304 U.S. 64 (1938). See Hanna v. Plumer, 380 U.S. 460, 465 (1965); see also Anselmo v. Mull, No. CIV. 12-1422, 2012 WL 5304799, at *5, *9 (E.D. Cal. Oct. 25, 2012) (applying the federal Rule 65(a) and denying a preliminary injunction under the rule). At oral argument the parties conceded that the federal rule applies; in any case, the two standards are virtually identical. Munden v. Bannock Cnty., 169 Idaho 818, 829 (2022) (applying the I.R.C.P. Rule 65(e)(1) requirements of irreparable harm and likelihood of success on the merits conjunctively). See also Oral Arg. at 23:30–25:53; Pl.'s Reply Supp. Mot. Prelim. Inj. at 1–2, Aug. 2, 2022, ECF No. 12 ("Pl.'s Reply").

**MEMORANDUM DECISION AND ORDER - 3**

4:22-cv-00268-CRK

is likely to suffer irreparable harm if the injunction is not granted. Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008).

## DISCUSSION

### I.     Plaintiff's Motion for a Preliminary Injunction

Plaintiff argues that it will suffer great waste and irreparable harm should the Court fail to issue an injunction. Memo. Support [Pl.'s Mot.], 6, June 16, 2022, ECF No. 3-1 ("Pl.'s Br."); see Statter Decl. ¶¶ 8–12. Defendant argues Plaintiff fails to demonstrate that it will be successful on the merits or that it has demonstrated that irreparable harm or waste will result if the Court does not grant a preliminary injunction.[3] Def.'s Br. at 13–18. Plaintiff fails to demonstrate that it will suffer irreparable harm, or that the balance of the hardship or public interest favor the issuance of an injunction. Plaintiff's motion is denied.

---

[3] Defendant also argues that the Court should abstain from considering Plaintiff's claims, and that Plaintiff failed to exhaust administrative remedies, but the Court need not reach Defendant's arguments at this time. Specifically, Defendant argues that the Court should abstain from considering Plaintiff's claims under Colorado River Water Conservation Dist. v. United States, 424 U.S. 800 (1976), because a prior court decision currently on appeal in the Idaho Supreme Court will determine whether TCR is entitled to building permits. Def.'s Br. at 8–11 (discussing Teton County Case No. CV41-20-0281, designated as Docket No. 49487-2022 on appeal). But the Court may rule on a preliminary injunction before deciding whether abstention is appropriate. Cf. Polykoff v. Collins, 816 F.2d 1326, 1332–33 (9th Cir. 1987) (noting that district court had denied a temporary restraining order and affirming district court's determination that abstention was unwarranted). Defendant also argues that Plaintiff has failed to exhaust administrative remedies. Def.'s Br. at 11–13. The Court can decide the motion without reaching the exhaustion question. Cf. Polykoff, 816 F.2d at 1332; A. H. Bull S. S. Co., 250 F.2d at 337.

**MEMORANDUM DECISION AND ORDER - 4**

4:22-cv-00268-CRK

### A.   Likelihood of Success

For the likelihood of success on the merits, Plaintiff need not show that it will win its case, but it must show that there is a "substantial case for relief on the merits." Lair v. Bullock, 697 F.3d 1200, 1214 (9th Cir. 2012) (quoting Leiva-Perez v. Holder, 640 F.3d 962, 968 (9th Cir. 2011)).  Even when there are only "serious questions" going to the merits, but the irreparable harm, the balance of hardships and public interest factors favor the plaintiff, the court may issue an injunction. All. for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1131, 1135 (9th Cir. 2011) (under the "sliding scale" approach applied by the court, "a stronger showing of one element may offset a weaker showing of another).

Here, Plaintiff argues it is entitled to have the disputed building permits reissued and to continue work.  Pl.'s Br. at 11.  Prior litigation in the District Court for the Seventh Judicial District of Idaho required Teton County to record TCR's condominium plat, Pl.'s Compl. and Jury Demand, 17–19, Ex. D, May 27, 2021, ECF No. 1-2, but declined to require Teton County to sign or approve the plat, Pl.'s Compl. and Jury Demand, 2, Ex. F, July 8, 2021, ECF No. 1-2 ("there is no evidence that the Plat as now recorded is not a "legal" recording"), and also declined to require Teton County to rescind the revocation of the building permits at issue here, Decl. Jeffrey Brunson, 5–6, Ex. C, June 6, 2022, ECF No. 14-3 ("the Court must conclude that an order rescinding the County's stop work order and requiring the issuance of building permits would go beyond the Court's previous order and judgment . . .").  The District Court's decisions are all currently on appeal.  Pl.'s Br. at 3.  Given the mixed result of prior litigation and the pending appeal, the Court cannot say Plaintiff has shown

**MEMORANDUM DECISION AND ORDER - 5**

4:22-cv-00268-CRK

that it is probable it will succeed on the merits. However, Plaintiff has raised serious questions regarding the merits such that, if the other factors weighed in its favor, an injunction would be appropriate.

### B.     Irreparable Harm

The movant for a preliminary injunction must show not just a possibility of irreparable harm, but that irreparable harm is "likely in the absence of an injunction." Winter, 555 U.S. at 21–22; see also Herb Reed Enters., LLC v. Fla. Ent. Mgmt., Inc., 736 F.3d 1239, 1249 (9th Cir. 2013). The Supreme Court has held that "the temporary loss of income, ultimately to be recovered, does not usually constitute irreparable injury," and that "[t]he possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm." Sampson v. Murray, 415 U.S. 61, 90–92 (1974) (internal quotations omitted) (reversing preliminary injunction despite plaintiff proving loss of pay and reputational damage). Irreparable harm is a harm that cannot be undone. See id. Thus, while environmental damage has been found to constitute "irreparable harm," see, e.g., All. for the Wild Rockies, 632 F.3d at 1135 (enjoining the logging of national forest land), business and economic losses have not. See, e.g., Goldie's Bookstore, Inc. v. Super. Ct. of State of Cal., 739 F.2d 466, 471–72 (9th Cir. 1984) (injunction not granted when ordinance forced bookstore to relocate resulting in lost business); Potlongo v. Herff Jones, LLC, 749 F. App'x 537, 538 (9th Cir. 2018) (denying injunction in action to enforce non-compete agreement, stating, "[plaintiffs] present evidence of only economic injury, which does not qualify as irreparable harm because it can be compensated by an award of money damages").

**MEMORANDUM DECISION AND ORDER - 6**

4:22-cv-00268-CRK

Here, Plaintiff has not made a clear showing of irreparable harm. In its Declaration, Plaintiff details the various costs that it incurred developing Lot 12B, and those which might occur if an injunction is not granted. Statter Decl. ¶¶ 5–14. These costs include material and construction costs, additional costs for wintertime construction, forgone rental income, and costs associated with rising interest rates. Id. However, Plaintiff does not state that any of these costs, all of which are monetary in nature, will be unrecoverable if Plaintiff prevails on the merits. Id. Plaintiff only alleges loss of income, which alone is insufficient to constitute irreparable harm. Compare Goldie's Bookstore, 739 F.2d at 471–72 with Cal. Pharmacists Ass'n v. Maxwell-Jolly, 563 F.3d 847, 852 (9th Cir. 2009) (where monetary damages would be unrecoverable due to sovereign immunity), vacated and remanded on other grounds sub nom. Douglas v. Indep. Living Ctr. of S. Cal., Inc., 565 U.S. 606 (2012). Although Plaintiff argues in its brief that it will suffer "irreparable injury," Pl.'s Br. at 12–15, it does so only in a conclusory fashion, and attorney argument is not a substitute for evidence. See S. A. Empresa de Viacao Aerea Rio Grandense v. Walter Kidde & Co., 690 F.2d 1235, 1238 (9th Cir. 1982).

### C.  Balance of Hardships and Public Interest

Plaintiff fails to demonstrate that either the balance of hardships or public interest tips in its favor. Balance of hardships reflects the relative burden of an injunction on the parties, while public interest encompasses a broader impact on non-parties. See hiQ Labs, Inc. v. LinkedIn Corp., 31 F.4th 1180, 1189, 1202 (9th Cir. 2022). Plaintiff identifies the costs it will encounter due to the delay it now faces, see Statter Decl. ¶¶ 5–14; however, as discussed above, those costs can be compensated.

**MEMORANDUM DECISION AND ORDER - 7**

4:22-cv-00268-CRK

Further, as Defendant notes, if the Court grants the injunction, Plaintiff could face significant costs of removing non-compliant buildings, if Defendant prevails on the merits. Def.'s Br. at 17. Defendant identifies no special burden it confronts should an injunction issue. Thus, this factor is neutral as neither party establishes that it faces a particular hardship that would tip the analysis in its favor.

Finally, Defendant speculates, without offering any evidence, that the impact of TCR's building may cause harm to the environment. Id. Defendant's unsupported speculation does not establish that the public interest is served by denying the injunction, however, Plaintiff offers no rationale for why the injunction it seeks is in the public interest. Thus, the public interest factor is neutral as well.

Despite the existence of serious questions regarding the merits, Plaintiff fails to demonstrate irreparable harm, or that the balance of hardships or public interest weigh in its favor. Therefore, Plaintiff's request for a preliminary injunction is denied.

## II. Further Briefing on Supplemental Jurisdiction

Plaintiff's complaint, originally brought in the District Court for the Seventh Judicial District of Idaho, asserts claims for: (1) breach of contract, (2) promissory estoppel, and (3) deprivation of rights pursuant to 42 U.S.C. § 1983. Compl. ¶¶ 40–71 Defendant removed the case to this Court based on its § 1983 claim. Not. Remov. U.S. Distr. Ct., June 28, 2022, ECF No. 1. Pursuant to 28 U.S.C. § 1367(a), this Court has supplemental jurisdiction over Plaintiff's state law claims "that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. §

**MEMORANDUM DECISION AND ORDER - 8**

4:22-cv-00268-CRK

1367(a). Neither party disputes that the state law claims are so related to the § 1983 claim that they form part of the same case or controversy. However,

> (c) The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if—
> (1) the claim raises a novel or complex issue of State law,
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c).

At oral argument, the Court inquired as to whether it should retain jurisdiction over Plaintiff's state law claims, or whether it should remand pursuant to 28 U.S.C. § 1367(c). Oral Arg. at 1:41–23:43. The parties had not raised, and therefore did not brief, the issue of supplemental jurisdiction, and in particular the applicability of 28 U.S.C. § 1367(c), prior to oral argument. Having ruled on Plaintiff's motion for a preliminary injunction, the Court orders briefing on the issue of whether, given the state law claims and their relationship to the federal claim, the Court should retain jurisdiction over the state law claims. See A. H. Bull S. S. Co., 250 F.2d at 337.

## CONCLUSION

For the foregoing reasons, it is

**ORDERED** that Plaintiff's Motion for Preliminary Injunction is **DENIED**; and it is further

**ORDERED** that Plaintiff and Defendant shall submit briefs not to exceed 15 pages on the issue of whether the Court should retain supplemental jurisdiction

**MEMORANDUM DECISION AND ORDER - 9**

4:22-cv-00268-CRK

pursuant to 28 U.S.C. § 1367 over Plaintiff's state law claims on or before **Friday, November 8, 2022**; and it is further

**ORDERED** that each party shall respond to the other's brief on or before **Friday, November 15, 2022** in a document not to exceed 15 pages.

                                           /s/ Claire R. Kelly
                                           Claire R. Kelly, Judge[*]

Dated:        October 25, 2022

---

[*] Judge Claire R. Kelly, of the United States Court of International Trade, sitting by designation.

**MEMORANDUM DECISION AND ORDER - 10**