UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| TCR, LLC,<br><br>      **Plaintiff,**<br><br>v.<br><br>TETON COUNTY,<br><br>      **Defendant.** | Case No. 4:22-cv-00268-CRK<br><br>MEMORANDUM DECISION AND ORDER RE: MOTION TO STAY |

## OPINION AND ORDER

Before the Court are the parties' briefs on whether the Court should continue to exercise supplemental jurisdiction over plaintiff TCR, LLC's state law claims. See [TCR's] Mem. Re: Suppl. Juris., Nov. 8, 2022, ECF No. 33; Teton County's Suppl. Br., Nov. 8, 2022, ECF No. 34. Also before the Court are TCR's motion to amend the complaint, see [TCR's] Mot. Amend Compl., Dec. 20, 2022, ECF No. 42; [TCR's] Mem. Supp. Mot. Amend Compl., Dec. 20, 2022, ECF No. 43; Decl. of Jeffrey Brunson, Dec. 20, 2022, ECF No. 44; Reply Mem. Supp. [TCR's] Mot. Amend Compl., Jan. 20, 2023, ECF No. 48, and defendant Teton County's motion to stay this proceeding pending the appeal in Idaho Supreme Court Docket No. 49487-2022, see [Teton County's] Mot. Stay, Nov. 8, 2022, ECF No. 35; [Teton County's] Reply Mem. Supp. Mot. Stay, Dec. 13, 2022, ECF No. 41. For the following reasons, the Court continues to exercise supplemental jurisdiction over the TCR's state law claims, grants TCR's motion to amend its complaint, and grants Teton County's motion to stay.

MEMORANDUM DECISION AND ORDER - 1

## BACKGROUND

### A.     Planned Unit Development and Plat Amendments

This dispute's history is long and complex. In 1992, TCR applied for a planned unit development ("PUD") on land it owns in Teton County, Idaho, called the Teton Creek Resort Project. Settlement Agreement at 1, Jan. 21, 1997, ECF No. 31-5. After initially granting preliminary plat approval on June 7, 1993, the Teton County Planning and Zoning Commission rescinded its preliminary approval on July 12, 1993. Id. On October 25, 1993, TCR filed a complaint challenging the preliminary plat approval's recission in state court, initiating three lawsuits involving TCR, Teton County, and several local interest groups. Id. at 1–2. The parties eventually entered into a Settlement Agreement in 1996 to resolve all three lawsuits and remove obstacles to the Teton Creek Resort Project's construction. Id. at 2.

Teton County approved Teton Creek Resort Planned Unit Development's plat (the "Teton Creek PUD") and accepted it into Teton County's records in 1995. Mem. Decision Re: Cross Mots. Summ. J. at 2 (pdf 54), May 28, 2021, ECF No. 31-23. The Teton Creek PUD contained 19 different lots, including what is now known as Lot 12B. Id. Teton County approved three separate plat amendments to Lot 12B—the most recent was recorded in Teton County's records as Instrument # 255616 in 2019. Id. TCR prepared a condominium plat (the "Plat") based on the Teton Creek PUD and the plat amendments.[1] Id. at 3. Under the Idaho Condominium Property Act on

---

[1] The Plat is a condominium plat based on the previously filed PUD plats and their amendments. Id. at 3. Teton County defines a "plat" as a map of a subdivision, which

**MEMORANDUM DECISION AND ORDER - 2**

or about July 30, 2020, TCR presented the Plat and a Declaration of Condominium to the Planning and Zoning Commission to accept and record. Id. Despite receiving the fully executed Plat under the Idaho Condominium Property Act, Teton County refused to process and record the Plat, which began several disputes with TCR over the Plat's recording. Id. at 4–6.

Specifically, the Teton County Planning Administrator determined that the Plat was an insignificant plat amendment requiring TCR to submit a revised condominium plat application.[2] Pet. Judicial Review ¶¶ 15–16 (pdf 16), Ex. B (pdf 25–31), Dec. 30. 2020, ECF No. 31-38. Under protest on September 21, 2020, TCR submitted its revised condominium plat application ("Revised Plat"). Id. ¶¶ 16–17 (pdf 16), Ex. C (pdf 32–33). Although the Planning Administrator recommended the Revised Plat's approval, the Board of County Commissioners denied the Revised Plat, referencing an unsigned, unrecorded site plan that Teton County had not originally recorded along with the Teton Creek PUD.[3] Id. ¶¶ 19–20, 22–23 (pdf 16–17), see id.

---

can either be preliminary or final. Teton County Code 9-2-2 ("PLAT") (replaced by Teton County Land Development Code, effective Aug. 3, 2022).

[2] Insignificant plat changes proposed for recording are those having minimal direct impact on the area, which the Board of County Commissioners may review at a regularly scheduled board meeting. Teton County Code 9-7-1 (B-2-a & 4-a) (replaced by Teton County Land Development Code, effective Aug. 3, 2022). Substantial plat changes proposed for recording are those that substantially increase or decrease the direct or indirect impact on the area, which are reviewed by the Planning and Zoning Commission and the Board of County Commissioners pursuant to procedures for a revised preliminary plat and a revised final plat. Id. (B-2-b & 4-b). Teton County informed TCR that the Plat would be processed under Teton County Code 9-7-1, which states that determining whether a change is insignificant or substantial is left to the Planning Administrator's discretion. Pet. Judicial Review ¶¶ 11, 14 (pdf 15–16), Dec. 30, 2020, ECF No. 31-38.

[3] TCR's petition for judicial review states that the Board of County Commissioner's denial "references a 'site plan' that was an exhibit to an affidavit filed in 1997 by the

**MEMORANDUM DECISION AND ORDER - 3**

Ex. D (pdf 34–37). TCR requested the Board of County Commissioners reconsider its denial of the Revised Plat. Id. ¶ 24 (pdf 17), Ex. E (pdf 38–39).

**B.     First State Court Action: Breach of Contract and Declaratory Relief**

TCR filed a complaint in Idaho state court against Teton County for breach of contract (Count I) and for declaratory and injunctive relief (Count II) in TCR, LLC v. Teton County, 7th Jud. Dist. Ct. No. CV41-20-0281. Compl. (pdf 34–43), Nov. 17, 2020, ECF No. 31-1. Regarding Count II, TCR sought a declaratory judgment that, under Idaho's Condominium Property Act, Teton County cannot refuse to accept, approve, or record any plat if the proponent prepares the plat under the act and designates it for condominiums. Id. ¶ 46 (pdf 40). Further, TCR requested an injunction requiring Teton County, under Idaho's Condominium Property Act, to accept, approve, and record the Plat. Id. ¶ 48 (pdf 41). TCR moved the court for summary judgment on both claims, see [TCR's] Mot. Summ. J. (pdf 36–50), Jan. 5, 2021, ECF No. 31-4, later withdrew its motion, and again moved the court for summary judgment on only Count II seeking declaratory and injunctive relief, see [TCR's] Mot. Summ. J. (pdf 46–59), Jan. 19, 2021, ECF No. 31-5. Teton County cross-moved for summary judgment on both counts. [TCR's] Mot. Summ. J. (pdf 65–100), Apr. 2, 2021, ECF No. 31-13. On May 28, 2021, the state district court granted TCR summary judgment on Count II and required Teton County to record the Plat. Mem. Decision Cross-Mots. Summ. J. (pdf 53–72), May 28, 2021, ECF No. 31-23. Teton

---

then Teton County Planning Administrator. . . . The 'site plan' is not signed by anyone, it was not recorded with the PUD in 1995 and it was not part of the PUD plat, the Master Plan, or the Development Agreement." Id. ¶¶ 22–23 (pdf 17); see id. Ex. D (pdf 34–37).

**MEMORANDUM DECISION AND ORDER - 4**

County then moved for reconsideration while TCR moved to enforce the court order, seeking the Board of County Commissioners and the County Treasurer' signatures on the Plat. [Teton County's] Mot. Recons. (pdf 84–98), June 9, 2021, ECF No. 31-23; [TCR's] Mot. Enforce Ct. Order (pdf 124–27), June 22, 2021, ECF No. 31-23. On July 8, 2021, the state district court denied Teton County's motion for reconsideration, Mem. Decision on [Teton County's] Mot. Recons. (pdf 32–40), July 8, 2021, ECF No. 31-25, and TCR's motion to enforce the court order, ruling that TCR properly recorded the Plat in the Teton County records without signatures, Order on [TCR's] Mot. Enforce Ct. Order (pdf 28–31), July 8, 2021, ECF No. 31-25.

Teton County moved for a permissive appeal of the court's decision granting TCR summary judgment, which, on September 20, 2021, the state district court denied. Mem. Decision on [Teton County's] Mot. Permissive Appeal (pdf 87–95), Sept. 20, 2021, ECF No. 31-25. The parties moved for summary judgment on Count I; the state district court granted summary judgment for Teton County and, on December 3, 2021, issued its final judgment. Mem. Decision Cross-Mots. Summ. J. (pdf 3–18), Dec. 2, 2021, ECF No. 31-28; Final J. (pdf 19–20), Dec. 3, 2021, ECF No. 31-28. Both parties appealed the summary judgment decisions to the Idaho Supreme Court.[4] [Teton County's] Notice Appeal (pdf 26–29), Jan. 7, 2022, ECF No. 31-35; [TCR's]

---

[4] Teton County asked the Idaho Supreme Court to reverse the state district court's decision granting declaratory relief. Appellant's Br. at 37 (pdf 48), May 18, 2022, ECF No. 31-48. TCR asked the Idaho Supreme Court, inter alia, to find that Teton County breached the Settlement Agreement when it refused to accept the Plat and revoked the Lot 12B building permits, and to require the Teton County to sign the Plat and rescind its withdrawal of building permits for Lot 12B. Resp't's/Cross-Appellant's Br. at 50 (pdf 56), July 13, 2022, ECF No. 31-49; see [TCR's] Mot. Entry Order to Enforce at 1–2 (pdf 80–81), May 6, 2022, ECF No. 31–36.

**MEMORANDUM DECISION AND ORDER - 5**

Notice Cross-Appeal (pdf 61–66), Jan. 14, 2022, ECF No. 31-35; see also [Teton County's] Am. Notice Appeal (pdf 122–26), Feb. 9, 2022, ECF No. 31-35; [Teton County's] Second Am. Notice Appeal (pdf 1–5), Apr. 18, 2022, ECF No. 31-48.

Teton County raised the following issues on appeal before the Idaho Supreme Court: (1) whether the state district court lacked jurisdiction to grant declaratory judgment to TCR, Appellant's Br. at 13–17 (pdf 24–28), May 18, 2022, ECF No. 31-48; (2) whether the state district court erred in granting summary judgment to TCR, id. at 17–27 (pdf 28–38); (3) whether the Idaho Condominium Property Act permits developers to obtain building permits despite Teton County's zoning process and Idaho Code title 50, chapter 13, id. at 27–30 (pdf 38–41); and (4) whether the state district court abused its discretion when it denied Teton County's request for attorney fees related to the contract claim, id. at 30–36 (pdf 41–37).  TCR, the respondent and cross-appellant, raised additional issues on appeal: (1) whether the state district court erred in granting summary judgment for Teton County on TCR's breach of contract claim, (2) whether Teton County breached the Settlement Agreement, (3) whether Teton County breached the implied covenant of good faith and fair dealing, (4) whether the state district court erred when it denied TCR's motion to enforce filed on June 21, 2021, and (5) whether the state district court erred when it denied TCR's motion to enforce filed on May 6, 2022.  Resp't's/Cross-Appellant's Br. at 7 (pdf 13), July 13, 2022, ECF No. 31-49.

**MEMORANDUM DECISION AND ORDER - 6**

C.     **Second State Court Action: Petition for Judicial Review**

After 60 days following its request to the Board of County Commissioners to reconsider its denial of the Revised Plat,[5] TCR filed a second state court action <u>TCR, LLC v. Teton County</u>, 7th Jud. Dist. Ct. No. CV41-21-0001, petitioning the state district court to reverse Teton County's denial of TCR's Revised Plat it filed under protest on September 21, 2020 and requested that court to direct Teton County to approve, accept, and record the Revised Plat.[6] Pet. Judicial Review (pdf 14–19), Dec. 30, 2020, ECF No. 31-38. On January 27, 2022, the court remanded the case to the Board of County Commissioners to make factual and legal determinations. Mem. Decision at 11 (pdf 12), Jan. 27, 2022, ECF No. 31-50. The Board of County Commissioners made findings of fact and conclusions of law supporting its decision not to record the Revised Plat. BOCC Findings of Fact and Conclusions of Law at 8–19 (pdf 113–24), Mar. 9, 2022, ECF No. 31-48; BOCC Findings of Fact and Conclusions of Law at 4–8 (pdf 132–36), May 11, 2022, ECF No. 31-48. During this process, TCR withdrew its Revised Plat. Mem. Re Withdrawal of [Plat Amendment] Application, Apr. 14, 2022, ECF No. 31-51.

---

[5] According to TCR, Idaho Code 67-6535 states that if Teton County does not provide a decision within 60 days after a reconsideration request, Teton County considers the request denied. Pet. Judicial Review ¶ 26 (pdf 14–19), Dec. 30, 2020, ECF No. 31-38.
[6] TCR petitioned the state district court, under Idaho Code §§ 31-1506, 67-5273 and Rule 84 of the Idaho Rules of Civil Procedure, to review the Revised Plat's denial. Pet. Judicial Review ¶¶ 31–32 (pdf 18–19), Dec. 30, 2020, ECF No. 31-38.

**MEMORANDUM DECISION AND ORDER - 7**

### D. Building Permits and Additional Condominium Plats

After the state district court's summary judgment for TCR on Count II in Case No. CV41-20-0281, Teton County, in November 2021, approved and issued seven Lot 12B building permits. Compl. ¶ 26, June 16, 2022, ECF No. 1-2. Using an eighth permit Teton County previously issued, TCR built a model unit and received a certificate of occupancy. Id. ¶ 25. In December 2021, Teton County approved, but did not issue, eight more Lot 12B building permits. Id. ¶ 27. TCR alleged that on April 21, 2022 Teton County withdrew approval of all 15 unused Lot 12B building permits and published a stop work order for the seven issued building permits. Id. ¶ 30. Additionally, TCR alleged it had five units under contract for sale prior to Teton County's attempts to obstruct or delay Lot 12B's development and that two contracts have since failed to close. Id. ¶¶ 32–33. Finally, TCR alleged it submitted condominium plats in February and March 2022 for six Teton Creek PUD lots other than Lot 12B, none of which Teton County accepted as of June 8, 2022. Id. ¶¶ 34, 39. TCR moved the state district court in Case No. CV41-20-0281 to enforce its previous orders by directing Teton County to reissue the Lot 12B building permits. [TCR's] Mot. Entry of Order to Enforce at 1–2 (pdf 80–81), May 6, 2022, ECF No. 31-36. The state district court denied TCR's motion to enforce, stating it lacked jurisdiction, because the parties had appealed to the Idaho Supreme Court. Order on [TCR's] Mot. Enforce at 3–6 (pdf 142–145), June 6, 2022, ECF No. 31-37. TCR appealed that order denying its motion to enforce along with the other issues on appeal. Resp't's/Cross-Appellant's Br. at 7, 45–47, 50 (pdf 13, 51–53, 56), July 13, 2022, ECF No. 31-49.

**MEMORANDUM DECISION AND ORDER - 8**

### E.     Claims Before this Court

TCR filed a third complaint in state court, asserting claims for breach of contract, promissory estoppel, and rights deprivation under 42 U.S.C. § 1983, relating to the revocation or denial of the 15 building permits. Compl. ¶¶ 40–71, June 28, 2022, ECF No. 1-2. Further, TCR sought a preliminary injunction requiring Teton County to rescind its April 2022 stop work order and change of status of TCR's Lot 12B building permits and enjoining Teton County from taking further actions preventing Lot 12B's development. Id. at 15–17.

Teton County removed the third state action to this Court based on original subject matter jurisdiction over TCR's § 1983 claim. [Teton County's] Notice Removal at 1–2, June 28, 2022, ECF No. 1. The Court denied TCR's motion for a preliminary injunction and ordered the parties to brief the Court on whether it should continue to exercise supplemental jurisdiction. See Mem. Decision and Order Re: Mot. Prelim. Inj. at 8–10, Oct. 25, 2022, ECF No. 32. The parties filed their supplemental jurisdiction briefs on November 8, 2022 and response briefs on November 15, 2022. [TCR's] Mem. Re: Suppl. Jurisdiction, Nov. 8, 2022, ECF No. 33 ("Pl. Br."); Teton Cnty.'s Suppl. Br. Pursuant to Ct. Order, Nov. 8, 2022, ECF No. 34 ("Def. Br."); [TCR's] Mem. in Resp. to [Def. Br.], Nov. 15, 2022, ECF No. 36 ("Pl. Resp."); Teton Cnty.'s Resp. to [Pl. Br.], Nov. 15, 2022, ECF No. 37 ("Def. Resp.").

TCR also moved to amend its complaint. In its complaint, TCR alleged that, by revoking its building permit approval and refusing the PUD condominium plats, Teton County: (1) breached the Settlement Agreement, Compl. ¶¶ 43–44; (2) imposed economic loss on TCR where it had reasonably relied on the building permit approval,

**MEMORANDUM DECISION AND ORDER - 9**

id. ¶ 64; (3) impaired TCR's contracts with third parties, id. ¶ 68; and (4) deprived TCR's freedom to develop its land, id. ¶ 69. TCR's proposed amended complaint would add a requested equitable remedy—a permanent injunction requiring Teton County to rescind the Lot 12B stop work order, reissue the Lot 12B building permits, prevent Teton County from obstructing TCR's efforts to build the Lot 12B condominium units, and prevent Teton County from requiring the Teton Creek PUD's development to comply with the unsigned, unrecorded site plan. See First Am. Compl. and Jury Demand, Dec. 20, 2022, ECF Nos. 44-1–2 ("Am. Compl.").

Teton County moves for a stay. To support its motion for stay, Teton County argues that issues similar to those in this case are before the Idaho Supreme Court, that most issues before this Court will be decided in that pending appeal, and that the Court should therefore stay the proceedings based on judicial economy. Def. Br. at 9–11. Teton County argues alternatively that, if the Court decides not to retain supplemental jurisdiction, the Court must dismiss TCR's § 1983 claim as not ripe. Id. at 11–12. TCR argues the Court should deny Teton County's motion to stay because the state court appeal and this proceeding are not parallel proceedings and because Teton County fails to prove that continued proceedings will cause hardship to Teton County. [TCR's] Mem. Opp. Mot. Stay at 2, Nov. 29, 2022, ECF No. 40.

## JURISDICTION

The Court has original subject matter jurisdiction over TCR's 42 U.S.C. § 1983 (2018) claim under 28 U.S.C. § 1331, and it may retain supplemental jurisdiction over TCR's state law claims for breach of contract and promissory estoppel under 28 U.S.C. § 1367. The Court may decline to exercise supplemental jurisdiction if a claim

**MEMORANDUM DECISION AND ORDER - 10**

involves a novel or complex state law issue, the state law claims substantially predominate the federal claim, the court dismissed the federal claim, or in exceptional circumstances where there are other compelling reasons to decline jurisdiction.  Id. § 1367(c).

## DISCUSSION

### I.  Supplemental Jurisdiction

The Court requested the parties brief whether the Court should continue to exercise supplemental jurisdiction.  Mem. Decision and Order Re: Mot. Prelim. Inj. at 8–10, Oct. 25, 2022, ECF No. 32.  The parties briefed the issue; the Court continues to exercise supplemental jurisdiction over TCR's state law claims for the following reasons.

In a federal civil action grounded in original jurisdiction, a court exercises supplemental jurisdiction over related state claims if the state and federal claims arise from the same case or controversy.  28 U.S.C. § 1367(a).  Claims arise from the same case or controversy when they share material facts.  United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 725 (1966) (describing a "common nucleus of operative fact").  On the other hand, a court can decline to exercise supplemental jurisdiction if the state claim raises novel or complex state law issues, the state claim substantially predominates the federal claim, the court has dismissed all federal claims, or other compelling reasons in exceptional circumstances.  28 U.S.C. § 1367(c).

Here, the parties agree the Court should continue to exercise supplemental jurisdiction.  Pl. Br. at 3–10; Def. Br. at 2–8.  TCR's § 1983 claim alleges that Teton County interfered with its constitutional rights by revoking the fifteen building

MEMORANDUM DECISION AND ORDER - 11

permits in 2022.  Likewise, TCR's state law claims allege Teton County breached the Settlement Agreement and harmed TCR when Teton County revoked the building permits.  Thus, both the state and federal claims arise from Teton County's revocation of the building permits.  Because TCR's claims under federal and state law share material facts, the claims arise from the same case or controversy for supplemental jurisdiction purposes.  See Gibbs, 383 U.S. at 725.  Also, none of the § 1367(c) grounds to decline to exercise supplemental jurisdiction apply here.  Thus, the Court continues to exercise supplemental jurisdiction over the state law claims.

## II. Amended Complaint

TCR moves to amend its complaint.  [TCR's] Mot. Amend Compl., Dec. 20, 2022, ECF No. 42.  Teton County argues the Court should deny TCR's motion to amend its complaint because TCR fails to support its argument with sufficient reasoning and because its request for a permanent injunction is futile where the Court already denied TCR's request for a preliminary injunction.  [Teton County's] Mem. Opp. Mot. Amend Compl. at 3–6, Jan. 10, 2023, ECF No. 47.  For the following reasons, the Court grants TCR's motion to amend its complaint.

A party may amend its pleading once as a matter of right no later than 21 days after serving it, or within 21 days after service of a responsive pleading or a Rule 12(b), (e), or (f) motion, whichever is earlier.[7]  Fed. R. Civ. P. 15(a)(1).  Otherwise, a party may amend its pleading only with the opposing party's consent or court

---

[7] As an initial matter, this action is beyond the period for amendment as of right because TCR filed its motion to amend more than 21 days after Teton County filed its answer and removed the case to this Court.  See Notice Removal, June 28, 2022, ECF No. 1; Answer, June 28, 2022, ECF No. 1-11; Fed. R. Civ. P. 15(a)(1).

**MEMORANDUM DECISION AND ORDER - 12**

approval, which a court grants freely when justice requires. Fed. R. Civ. P. 15(a)(2). In deciding whether justice permits a party to amend its pleading, a court considers factors including "the presence or absence of undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of the proposed amendment." Moore v. Kayport Package Exp., Inc., 885 F.2d 531, 538 (9th Cir. 1989) (citing Foman v. Davis, 371 U.S. 178, 182 (1962).

The lack of a previous attempt to amend, the timing of the motion, and the lack of futility support TCR's motion to amend in this case. TCR's motion is its first attempt to amend its complaint. Further, because TCR filed its motion early in the case, there is less opportunity for undue prejudice to Teton County or undue delay in resolution of the issues. Indeed, Teton County points to no prejudice resulting from delay, nor could it, given that Teton County itself seeks a stay. Teton County's argument that TCR's amendment is futile lacks merit. In adding a permanent injunction request, TCR seeks an equitable remedy to enforce Teton County's possible liability.[8] Contrary to Teton County's argument, the standard for permanent injunction and preliminary injunction are different; the latter requires a court to

---

[8] TCR refers to its requested permanent injunction as a "count." See Decl. of Jeffrey D. Brunson, Ex. B, at 12, Dec. 20, 2022, ECF No. 44-2. Teton County more appropriately refers to the requested permanent injunction as "a new claim." [Teton County's] Mem. Opp. Mot. Amend Compl. at 4, Jan. 10, 2023, ECF No. 47. A permanent injunction is an equitable remedy, which is a type of claim. Weinberger v. Romero-Barcelo, 456 U.S. 305, 311–12 (1982) (a permanent injunction is an equitable remedy protecting an established right from irreparable injury where legal remedies are inadequate); Claim, Black's Law Dictionary (11th ed. 2019) (the "assertion of an existing right; any right to payment or to an equitable remedy").

**MEMORANDUM DECISION AND ORDER - 13**

determine the future likelihood of success on the merits and irreparable harm. See Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008). For a permanent injunction, a plaintiff must show it has already suffered irreparable injury. Monsanto Co. v. Geertson Seed Farms, 561 U.S. 139, 156–57 (2010). Given that this is TCR's first attempt to amend, the timing of its motion, and the motion's lack of futility, TCR is entitled to amend its pleadings under Rule 15. See Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires").

### III. Stay Pending Appeal

Teton County moves the Court to stay these proceedings pending an outcome of the appeal before the Idaho Supreme Court in Case No. 49487-2022. [Teton County's] Mot. Stay, Nov. 8, 2022, ECF No. 35. The Court grants Teton County's motion to stay the proceedings for the following reasons.

A court possesses inherent power to manage its docket efficiently, including the power to stay proceedings, and balances any competing interests in determining whether to grant a stay. Landis v. N. Am. Co., 299 U.S. 248, 254–55 (1936). A court must weigh: (1) the harm a stay might cause other parties, (2) any harm the moving party may suffer without a stay, and (3) whether a stay would simplify issues, proof, or legal questions. CMAX, Inc. v. Hall, 300 F.2d 265, 268 (9th Cir. 1962).[9] A delay in proceedings alone will generally be insufficient to demonstrate irreparable harm or a

---

[9] TCR also applies Colorado River Water Conservation Dist. v. United States, 424 U.S. 800 (1976), to argue Teton County is not entitled to a stay. Pl. Br. at 10–11; Pl. Resp. at 2–3. However, Teton County moved for a stay under Landis not Colorado River, see Def. Br. at 9–11, and only discusses Colorado River in reply to TCR's arguments, see Def. Resp. at 2–4. Because it grants a stay under Landis, the Court does not reach the parties' arguments under Colorado River.

**MEMORANDUM DECISION AND ORDER - 14**

miscarriage of justice weighing against a stay. Id. at 268–69. Conversely, merely having to defend a suit does not constitute a hardship. Lockyer v. Mirant Corp., 398 F.3d 1098, 1112 (9th Cir. 2005) (denying defendant's motion for a stay because of the presence of ongoing harm); see also Dependable Highway Express, Inc. v. Navigators Ins. Co., 498 F.3d 1059, 1066 (9th Cir. 2007) (denying a stay where the non-moving party would be forced to arbitrate in a foreign country and where a foreign court had already levied legal and equitable penalties against it). To simplify issues, proof, or legal questions, a court may stay an action until independent proceedings—those relating to the action but not necessarily controlling the action—conclude. Leyva v. Certified Grocers of Cal., Ltd., 593 F.2d 857, 863–64 (9th Cir. 1979). Further, a court should consider whether resolution of independent proceedings would assist it in deciding the current action. See CMAX, 300 F.2d at 269 (granting a stay where facts developed in a pending administrative proceeding would assist the court in resolving its current action); see also Lockyer, 398 F.3d at 1110–11 (discussing cases sustaining Landis stays); but see Dependable Highway Express, 498 F.3d at 1066–67 (stays depending on another proceeding's resolution should not be indefinite).

Here, a stay presents limited potential for harm to TCR because TCR's requested relief is primarily legal and its requested equitable relief is already under consideration in the state appeal.[10] Because TCR seeks monetary damages, attorney

---

[10] TCR requested a preliminary injunction, Compl. at 16–17, ¶ 2, June 16, 2022, ECF No. 1-2, which the Court subsequently denied. Mem. Decision and Order Re: Mot. Prelim. Inj. at 4–10, Oct. 25, 2022, ECF No. 32. The Court denied TCR's request in part because TCR could be compensated by damages. See id. at 7. As discussed above, TCR now amends its complaint to request a permanent injunction.

**MEMORANDUM DECISION AND ORDER - 15**

fees, and costs, Am. Compl. at 17–18, ¶¶ 1, 3, delay in receiving these remedies does not constitute harm. See CMAX, 300 F.2d at 269. TCR also requests a permanent injunction requiring Teton County to approve the Lot 12B building permits—the same remedy TCR sought in its second motion to enforce in the first state action and the denial of which TCR appealed to the Idaho Supreme Court.[11] See Am. Compl. at 17–18, ¶ 2; Resp't's/Cross-Appellant's Br. at 7, 45–47, 50 (pdf 13, 51–53, 56), July 13, 2022, ECF No. 31-49. However, as discussed in the Court's prior opinion, the Court determined TCR failed to make a clear showing of irreparable harm because TCR could be compensated by damages. See Mem. Decision and Order Re: Mot. Prelim. Inj. at 7, Oct. 25, 2022, ECF No. 32. Similarly here, any delay in receiving a permanent injunction would not irreparably harm TCR because damages remain an available remedy. In contrast, continuing the proceeding risks inconsistent rulings with the Idaho Supreme Court, requiring further litigation for both parties.

Moreover, the Idaho Supreme Court's resolution of the appellate issues would simplify the issues, proof, and questions of law at issue in this proceeding because the issues in the state appeal and this proceeding are intertwined. In the state appeal,

---

[11] Although TCR amends its pleading to include equitable relief, that fact has minimal impact on whether Teton County is entitled to a stay. Under Landis, a court considers whether an equitable remedy is at issue. See Lockyer, 398 F.3d at 1112 (denying defendant's motion for a stay because of the presence of ongoing harm). However, TCR already seeks that remedy from the Idaho Supreme Court. It is possible that court will grant TCR's requested remedy, but it is also possible that court declines to grant it. Regardless, the primary remedy TCR seeks in this proceeding is damages. TCR argues, "This federal proceeding is to remedy the damages caused by Teton County revoking approval of fifteen (15) building permits . . . . TCR has suffered new damages from Teton County's most recent obstruction tactics . . . . Issuing a stay will only serve to increase TCR's damages from the construction delays." Pl. Resp. at 3–4.

**MEMORANDUM DECISION AND ORDER - 16**

the parties seek to resolve, inter alia, whether TCR may record the Plat, whether Teton County breached the Settlement Agreement by revoking the building permits, and whether Teton County must issue TCR building permits for condominiums based on the recorded Plat.  See Appellant's Br. at 13–30 (pdf 24–41), May 18, 2022, ECF No. 31-48; Resp't's/Cross-Appellant's Br. at 7, 26–47 (pdf 13, 32–53), July 13, 2022, ECF No. 31-49.  At issue in this proceeding are Teton County's recission of the same building permits, Teton County's refusal of condominium plats for other lots in the PUD, and TCR's requested injunction to compel Teton County to reissue the Lot 12B building permits.[12]  See Am. Compl. ¶¶ 41–75.  Therefore, TCR could receive some of its requested relief if the Idaho Supreme Court affirms that TCR is entitled to record the Plat and orders Teton County to reissue the building permits.  Alternatively, if the Idaho Supreme Court rules that TCR may not record the Plat or declines to order Teton County to reissue the building permits, it would become more difficult for TCR to sustain its claims in this proceeding because TCR's requested relief is based on Teton County's liability for rescinding the building permits.  Thus, resolving the issues in this proceeding depends at least in part on resolving the appeal.  The balance of interests in this case supports a stay, and the Court therefore grants a stay until the state appeal concludes.

---

[12] TCR also alleges it is entitled to attorney fees and costs from having to file these lawsuits, pursuant to the Settlement Agreement's terms.  Am. Compl. at 15.

**MEMORANDUM DECISION AND ORDER - 17**

## CONCLUSION

For the foregoing reasons, it is

**ORDERED** that TCR's motion to amend, see ECF No. 42, is GRANTED; and it is further

**ORDERED** that TCR's first amended complaint, see ECF No. 44-1, is deemed FILED; and it is further

**ORDERED** that Teton County's motion for stay, see ECF No. 35, is GRANTED; and it is further

**ORDERED** that, after the Idaho Supreme Court's final ruling in Idaho Supreme Court Docket No. 49487-2022, Teton County shall file a notice of ruling and attach any related state court documents as individual exhibits; and it is further

**ORDERED** that parties shall confer and file a joint proposed scheduling order on or before seven days after final resolution of the proceedings in Idaho Supreme Court Docket No. 49487-2022.

/s/ Claire R. Kelly
Claire R. Kelly, Judge[*]

Dated: January 23, 2023
New York, New York

---

[*] Judge Claire R. Kelly, of the United States Court of International Trade, sitting by designation.

**MEMORANDUM DECISION AND ORDER - 18**