UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| TCR, LLC,<br><br>   Plaintiff,<br><br>v.<br><br>TETON COUNTY,<br><br>   Defendant. | Case No. 4:22-cv-00268-CRK<br><br>MEMORANDUM DECISION AND ORDER RE: MOTION TO QUASH |

## MEMORANDUM AND ORDER

Before the court is a motion to quash a subpoena served on nonparty Anna Trentadue ("Ms. Trentadue"), see ECF No. 78, in this action between Teton County and TCR, LLC ("TCR") concerning a planned unit development known as the Teton Creek Resort Project on land TCR owns in Teton County, Idaho. See TCR, LLC v. Teton County, No. 4:22-CV-00268-CRK, 2023 WL 356169, at *1 (D. Idaho Jan. 23, 2023). Ms. Trentadue and TCR both request attorney fees for this motion. See ECF Nos. 78, 80. For the reasons explained below, the motion is granted in part and denied in part.

On February 3, 2026, Ms. Trentadue moved to quash the subpoena sent by TCR. See ECF No. 78. She asserts she was sent the subpoena by email on January 27, 2026, requiring her to appear for deposition on February 17, 2026, at a location approximately 75 miles from her home and to produce documents from 2019 through 2025 by February 6, 2026. See ECF No. 78-1. She contends the subpoena did not comply with Federal Rule of Civil Procedure 45. See id. In particular, she asserts

MEMORANDUM DECISION AND ORDER - 1

Case No. 4:22-cv-00268-CRK

that the deadline for the production of documents does not comply with time constraints of Rule 45, and that witness and mileage fees were not tendered with the subpoena, which is required under the Rule. See id.; Fed. R. Civ. P. 45(b)(1). Ms. Trentadue also requested attorney fees. See ECF No. 78.

On February 4, 2026, TCR responded that Ms. Trentadue's motion is moot because, before the motion was filed, it issued a revised subpoena curing the asserted defects. See ECF No. 80. TCR also requested attorney fees. See id. The revised subpoena includes the Rule 45(d) and 45(e) advisements, states the method of recording the deposition, and resets document production to occur at the time and place of the deposition. See ECF No. 80-7. In the email from TCR with the subpoena attached, TCR states a mileage check has been prepared but not sent, and asks Ms. Trentadue for her address to send witness and mileage fees. See id. On February 5, 2026, Ms. Trentadue filed an affidavit attaching emails between her retained counsel, Jesse C. Trentadue ("Mr. Trentadue"), and TCR's counsel. See ECF No. 82-3.

In response to TCR's claim that the second subpoena had cured the problems of the first, Ms. Trentadue states that she has a scheduled state court hearing on February 17, 2026, in a matter in which TCR's counsel represents an opposing party, and that TCR's counsel knew of that conflict when they issued the revised subpoena setting her deposition for that date. See ECF No. 82. Ms. Trentadue's counsel, Mr. Trentadue, attempted to resolve the scheduling conflict without court intervention by emailing TCR's counsel on February 3, 2026, reiterating the conflict and requesting

MEMORANDUM DECISION AND ORDER - 2

Case No. 4:22-cv-00268-CRK

that counsel confer to select a mutually workable deposition date. See ECF No. 82-3.

## DISCUSSION

On timely motion, the court may quash or modify a subpoena. Fed. R. Civ. P. 45(d)(3)(A). The court must quash or modify a subpoena that: (i) fails to allow a reasonable time to comply; (ii) requires compliance beyond Rule 45's geographic limits; (iii) requires disclosure of privileged or protected matter, absent exception or waiver; or (iv) subjects a person to undue burden. Fed. R. Civ. P. 45(d)(3)(A). The movant bears the burden to establish undue burden. Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure, § 2459 (3d ed. 2008). Rule 45 also requires a subpoena that demands a person's attendance be served concurrently with a tender of witness and mileage fees. Fed. R. Civ. P. 45(b)(1); see also CF & I Steel Corp. v. Mitsui & Co. (U.S.A.), 713 F.2d 494, 495 (9th Cir. 1983) (witness and mileage fees must be tendered concurrently with subpoena).

Here, Ms. Trentadue timely moved to quash the subpoena sent on January 27, 2026. She asserted that the subpoena did not include the text required by Rule 45(d) and (e), did not specify the method for recording the deposition, and was not accompanied by a tender of witness and mileage fees as required by Rule 45(b)(1). See ECF No. 78. She further contended that the subpoena did not allow a reasonable time to comply and imposed undue burden within the meaning of Rule 45(d)(3)(A)(i) and (iv). See id. The court has reviewed the subpoena. Her contentions are correct. The motion to quash is therefore granted as to the original subpoena, in part.

**MEMORANDUM DECISION AND ORDER - 3**

Case No. 4:22-cv-00268-CRK

With respect to Ms. Trentadue's request for attorney fees in her motion to quash, Ms. Trentadue indicated she is an attorney with at least some familiarity with the rules governing the service of subpoenas. See ECF No. 78-1. Given that she did not object to the relevance, proportionality, or privilege concerns of the request for documents or testimony, her concerns were procedural rather than substantive and could have been relayed by phone or email without the need to retain an attorney or involve the court. See ECF No. 78. Ms. Trentadue's request for attorney fees is therefore denied.

Likewise, TCR's request for attorney fees is denied. The subpoena, as issued, contained several deficiencies, and again, it appears the dispute could have been resolved through the use of the telephone. Fee-shifting is not warranted where the dispute arises from curable procedural deficiencies that could have been resolved through timely communication without court intervention. Fed. R. Civ. P. 37(a)(5)(A)(i) (no expenses where the motion was filed before the movant attempted to resolve the matter without court action). Accordingly, Ms. Trentadue's and TCR's respective requests for attorney fees are denied. See ECF Nos. 78, 80.

TCR represents that it has cured the subpoena's defects by issuing a conforming subpoena; however, Ms. Trentadue's affidavit identifies a scheduling conflict and states that TCR is aware of that conflict. See ECF Nos. 80, 82. No motion to quash the revised subpoena is currently before the court. The court is nonetheless confident that, before any such motion is filed, counsel can resolve these issues through cordial, timely communication. Indeed, the correspondence filed with the

MEMORANDUM DECISION AND ORDER - 4

Case No. 4:22-cv-00268-CRK

court reflects that Ms. Trentadue's counsel has already proposed a telephone call to address scheduling and related concerns.  See ECF No. 82-3.

To obviate further delay, TCR shall suggest to Ms. Trentadue 4 dates and times after February 17, 2026, for the sought deposition, and TCR shall file a status report with the court detailing the options given to Mr. Trentadue and the means by which it relayed those options no later than Friday, February 6, 2026.  Alternatively, given the limitations of email for resolving scheduling issues, TCR may contact Mr. Trentadue by telephone to confer and select a mutually agreeable date and time and notify the court that it has done so no later than Friday, February 6, 2026.  The court is confident that Ms. Trentadue and TCR can resolve these matters promptly and without further court involvement.

## CONCLUSION

In accordance with the foregoing, it is

**ORDERED** that the motion to quash the subpoena sent January 27, 2026 is GRANTED; and it is further

**ORDERED** that the requests for attorney fees are DENIED.

/s/ Claire R. Kelly  
Claire R. Kelly, Judge[*]

Dated:     February 5, 2026  
           New York, New York

---

[*] Judge Claire R. Kelly, of the United States Court of International Trade, sitting by designation.

**MEMORANDUM DECISION AND ORDER - 5**